UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:01-cr-0041-TWP-TAB-2 |
| | ) | 1:02-cr-0042-TWP-TAB-1 |
| DEREK D. WELLS, | ) | 1:02-cr-0044-TWP-TAB-1 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on October 20, 2017 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 27, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 27, 2017, defendant Derek D. Wells appeared in person with his appointed counsel, William Dazey. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Wells of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Wells questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Wells and his counsel, who informed the court they had reviewed the Petition and that Mr. Coleman understood the violations alleged. Mr. Wells waived further reading of the Petition.

3. The court advised Mr. Wells of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Wells was advised of the rights he would have at a preliminary hearing. Mr. Wells stated that he wished to waive his right to a preliminary hearing.

4. Mr. Wells stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Wells orally waived the right to a preliminary hearing in open court, which waiver the court accepted.

5. The court advised Mr. Wells of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Wells, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance"** |
| | The offender began testing positive for marijuana on his first day of supervised release, August 15, 2017, claiming he smoked marijuana daily while incarcerated. The offender's first two screens which were collected in this district, on August 29, 2017, and September 8, 2017, both tested positive for marijuana. On September 14, 2017, the offender submitted a negative screen and he was advised that the marijuana was out of his system and all future screens should be negative. The offender submitted a third positive screen for marijuana on September 23, 2017. |

7. Mr. Wells contested or wished to provide explanation as to Violations Number 2 and 3 of the Petition. The hearing therefore proceeded. Mr. Wells was sworn and presented testimony upon direct examination of his counsel and counsel for the United States cross-examined him. USPO Chris Dougherty was called as a witness by the United States, was sworn, and provided testimony upon direct and cross examination.

8. On the basis of the evidence presented, the court found Mr. Wells guilty of Violation Number 1 above (which he admitted in his testimony), not guilty of Violation Number 2, and guilty of Violation Number 3, which is set forth in the Petition as follows:

| | |
|---|---|
| 3 | **"The defendant shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."** |
| | The offender has incurred at least nine violations of the rules of Volunteers of America. The most serious violation occurred on October 1, 2017, when the offender attempted to bring two large bags of items into the facility which were unauthorized. On this date, the offender's items were confiscated by a correctional officer, who attempted to place the bags into a secure room. The offender is seen on the security video as he rushes at the officer, tries to grab the bags from the officer, and pushes against the officer as he is attempting to move through a secure doorway. The offender pushed the officer through the secure doorway and continued pushing him into a second room. The offender began yelling and cursing at the officer for an extended period of time. |

>Other violations by the offender include threatening to kill staff, possessing contraband, refusing directives from staff, and being out of place or being unaccounted for. The staff at Volunteers of America believe the offender is disruptive to their staff, facility, and other residents at the facility. The Bureau of Prisons supervisors have asked them to remove this offender from the facility due to his ongoing disruptive, noncompliant, and physically aggressive behavior toward staff.

10. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 2) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Wells's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Wells's supervised release, therefore, is 3 - 9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

11. The government argued for a sentence of nine (9) months with forty-two (42) months of supervised release to follow. The defendant argued for no jail time. The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, DEREK D. WELLS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with forty-five (45) months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Conditions 14-18 are recommended based on the offender's history of substance abuse.

19. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

20. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

21. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Justification: This condition is being recommended to allow the probation officer the ability to monitor the offender's finances in an attempt to ensure compliance with payment schedules and employment requirements.

23. You shall not be a member of a gang or associate with individuals who are members.
Justification: This condition is recommended based on the offender's prior involvement with a gang.

The court is not including number 22 of the Revocation Parameters Worksheet as a condition upon his release from the Bureau of Prisons.

Defendant Wells reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties were notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. They were further advised that any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made. Both the United States and Mr. Wells (Dkt. 49) **WAIVED OBJECTION** to this Report and Recommendation.

Counsel for the parties and Mr. Wells entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Wells's supervised release, imposing a sentence of imprisonment of six (6) months with forty-five (45) months of supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 11/9/2017

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal